PRYOR

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, March 18, 1897.*)

[26 S. E. Rep. 864.]

Larceny—Indictment—Defective Count—Previous Conviction.

Under Code 1887, § 3907, declaring that, whenever it is alleged in the indictment on which a person is convicted of petit larceny that he has been before sentenced for a like offense, he shall be confined in jail, etc., and for a third offense shall be sent to the penitentiary, etc., an indictment for petit larceny which, in the first of two substantially similar counts, alleges two prior convictions for a like offense, charges a felony, and is therefore triable by the county court though the second count, because of formal defects, charges only a misdemeanor.

Same—Same—Same—Same—Evidence to Show.

A record showing that defendant was convicted of petit larceny, and sentenced by a justice of the peace to three months' imprisonment, and that, on appeal, the county court by consent set aside the judgment, and ordered defendant to be confined for two months instead of three, conclusively shows a previous conviction for petit larceny, though such order did not specify the offense.

Appeal from circuit court, Montgomery county.

Moses Pryor appeals from a judgment of the circuit court affirming a judgment of the county court convicting him of a felony. Affirmed.

The following is a copy of the indictment: "Virginia, Montgomery County, to wit: At a county court held in and for the county of Montgomery on the 28th day of July,

1896, the jurors of the commonwealth of Virginia in and for the body of the county of Montgomery, and now attending said court, on their oaths present that Moses Pryor did, in the county aforesaid, on the ―― day of ――, 1895, and within five years next preceding the finding of this indictment, feloniously take, steal, and carry away one set of buggy harness of the value of seventeen dollars ($17.00), and one riding bridle of the value of three dollars ($3.00), then and there being found of the goods and chattels of J. W. Wilson ; and that the said Moses Pryor has been twice convicted of petit larceny, and sentenced therefor, in the United States, the said convictions and sentences being had in courts of competent jurisdiction in the said United States, and before the date of the alleged offenses herein contained, to wit:   On the 29th day of September, 1884, he was tried for petit larceny in the justice's court of Montgomery county, Virginia, by Wm. P. Deverieux, a justice of the peace of said county, convicted of petit larceny, and sentenced to three months' imprisonment in the county jail of the said county of Montgomery, for the larceny by him committed, in this : that he did on the 27th day of September, 1884, in the said county, take, steal, and carry away one package of goods of the value of $9.50, the property of H. S. Walters ; and from this conviction and sentence the said Moses Pryor appealed to the county court of Montgomery county, and at the November term, 1884, the said Moses Pryor was found guilty of the larceny for which he was tried before the said Wm. P. Deverieux, justice as aforesaid, convicted, and sentenced to two months' imprisonment in the county jail of Montgomery county, for the larceny by him committed of the goods of the said H. L. Walters.   And the second conviction was had at the time and place following :   At a county court held for the county of Montgomery and state of Virginia on the 25th day of January, 1887, said Moses Pryor was indicted, charged with taking, stealing, and carrying away two turkeys, of the value of two dollars, the goods and

chattels of Mary J. Wirt; and at the February term, 1887, of said county court of Montgomery, he was tried, convicted, and sentenced to thirty days' imprisonment in the county jail of Montgomery county, because of his committing the larceny last above mentioned,—against the peace and dignity of the commonwealth of Virginia. And the jurors aforesaid, on their oaths aforesaid, do further present that the said Moses Pryor did in the county aforesaid on the day 1895, and within five years next preceding the finding of this indictment, feloniously take, steal, and carry away one set of buggy harness, of the value of seventeen dollars, and one riding bridle, of the value of three dollars, of the goods and chattels of J. W. Wilson, then and there being found, against the peace and dignity of the commonwealth of Virginia; and the jurors aforesaid, on their oaths aforesaid, do further present that the said Moses Pryor has been twice convicted of petit larceny, and sentenced therefor in the United States, the said convictions and sentences being had in courts of competent jurisdiction in the said United States, and before the date of the alleged offenses herein contained, to wit: On the 29th day of September, 1884, he was tried for petit larceny in the justice's court of Montgomery county, Virginia, by Wm. P. Deverieux, a justice of the peace of said county, convicted of petit larceny, and sentenced to three months' imprisonment in the county jail of the said county of Montgomery for the larceny by him committed, in this: that he did, on the 27th day of September, 1884, in the said county, take, steal, and carry away one package of goods of the value of $9.50, the property of H. D. Walters, and from this conviction and sentence the said Moses Pryor appealed to the county court of Montgomery county, and at its November term, 1884, the said Moses Pryor was found guilty of the larceny for which he was tried before the said Wm. P. Deverieux, justice as aforesaid, convicted, and sentenced to two months' imprisonment in the county jail of Montgomery county for the larceny by him committed of

the goods of the said H. D. Walters. And the second conviction was had at the time and place following : At a county court held for the county of Montgomery and state of Virginia, on the 25th day of January, 1887, said Moses Pryor was indicted, charged with taking, stealing, and carrying away two turkeys, of the value of two dollars, the goods and chattels of Mary J. Wirt ; and at the February term, 1887, of said county court of Montgomery, he was tried, convicted, and sentenced to thirty days' imprisonment in the county jail of Montgomery county, because of his having been convicted of the larceny last above mentioned,—both of which convictions were had in courts of the state of Virginia, and being courts of competent jurisdiction, and were both before the date of the alleged larceny of the goods and chattels of said J. W. Wilson hereinbefore set out.''

*Heermuns & Calhoun,* for appellant.

*Atty. Gen. R. Taylor Scott,* for the Commonwealth.

Riely, J., delivered the opinion of the court.

While we are of opinion that, in indicting the defendant for the offense for which he was prosecuted, the usual and better form was adopted in framing the first count of the indictment, still the second count conforms to the requirements of the statute, and the court did not err in overruling the demurrer. Rand v. Com., 9 Grat. 738 ; Rider v. Com., 16 Grat. 499 ; Thomas v. Com., 22 Grat. 912 ; Stroup v. Com., 1 Rob. (Va.) 754.

The first count is unquestionably good, and constitutes an indictment for a felony (Rider's Case, supra), and the court, therefore, had jurisdiction to try the accused upon it. If the offense were defectively charged in the second count on account of its form, and the count as framed only charged a misde-

meanor, as contended by counsel, nevertheless the defendant was in nowise prejudiced by the action of the court in over-ruling his demurrer. Each count is precisely the same in substance. The objection to the second count was wholly because of its form. It contained no additional or different allegation from the first count, and under the first count every particle of testimony could be introduced whose introduction would be authorized by the second count, if valid as an indict-ment for a felony.

Nor did the court err in admitting the record offered to prove the previous conviction of the defendant for the larceny of the goods of H. D. Walters. The record shows that the defendant was convicted of the offense, and sentenced therefor, by a justice of Montgomery county, to confinement in jail for three months. An appeal was taken by him to the court of the county, which, as appears from the record, by consent set aside the judgment of the justice, and by further consent ordered that the defendant be confined in jail for two months from the date of his committal by the justice. The only objec-tion made to the introduction of the record was that the order of the court does not expressly show the specific offense for which it ordered that he should be so confined in jail.

The record shows that the defendant had appealed to the court from the judgment of the justice convicting him of the petit larceny aforesaid. The appeal brought before the court the judgment of the justice for review, and that particular offense, and no other, for its consideration. This constituted the only matter before the court affecting the defendant and invoking its judgment in respect to him. The entire action of the court is embraced in the same order or judgment, and it must be construed with reference to and in the light of the matter before it.

The record shows expressly that the order was entered in the case of the appeal of the defendant, and that in the same

breath the judgment of the justice by consent was set aside, and by further consent it was adjudged that he be confined in jail for two months, instead of three, as ordered by the justice.   It proves conclusively the conviction of the accused for the larceny of the goods of H. D. Walters, as alleged in the indictment.   No other interpretation of the judgment of the court is reasonable or admissible.

The admission of the record being proper, the evidence before the jury fully sustained the verdict, and the motion for a new trial was rightly denied.

The foregoing being the only errors assigned by the petitioner, the judgment of the circuit court is affirmed.